**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1114**

_____

PARAMONT COAL COMPANY OF VIRGINIA, LCC,

        Petitioner,

     v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; JEFFREY J. COLEMAN,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.
(12-0104 BLA)

_____

Submitted: January 14, 2014        Decided: April 4, 2014

_____

Before TRAXLER, Chief Judge, and AGEE and FLOYD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Timothy W. Gresham, PENN, STUART & ESKRIDGE, Abingdon, Virginia,
for Petitioner. Joseph E. Wolfe, Ryan C. Gilligan, WOLFE,
WILLIAMS, RUTHERFORD & REYNOLDS, Norton, Virginia, for
Respondent Jeffrey J. Coleman.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paramont Coal Company ("Paramont") petitions for review of the order of the Benefits Review Board ("Board") affirming the Administrative Law Judge's ("ALJ") award of benefits to Jeffrey Coleman ("Coleman"), a former coal mine employee, under the Black Lung Benefits Act of 1977 (the "Act"), 30 U.S.C. §§ 901 et seq. Paramont argues that the ALJ's decision was contrary to law and unsupported by substantial evidence. For the reasons that follow, we deny Paramont's petition for review and affirm the award of benefits to Coleman.

I.

Coleman has spent approximately 33.34 years employed in coal mining.[1] On July 9, 2009, Coleman filed a claim for benefits under the Act, which grants benefits to former miners afflicted with pneumoconiosis, commonly known as black lung disease.[2] See 20 C.F.R. § 718.201. Benefits under the Act are awardable to miners who are totally disabled within the meaning

---

[1] At the time he filed his application for benefits, Coleman was still working for Paramont. Unchallenged on appeal, the ALJ's finding regarding Coleman's length of coal mine employment was affirmed by the Board.

[2] Coleman had filed a previous claim for benefits, which was denied on February 12, 1999. He did not further pursue that claim.

of the Act due to pneumoconiosis, or to the survivors of miners who were totally disabled at the time of their deaths (for claims filed prior to January 1, 1982), or to the survivors of miners whose deaths were caused by pneumoconiosis. See 30 U.S.C. §§ 901 et seq. The District Director of the Division of Coal Mine Workers' Compensation of the Office of Workers' Compensation Programs ("District Director") awarded benefits to Coleman on August 3, 2010. Upon Paramont's request for a hearing, the file was transferred to an ALJ for a formal hearing to determine whether Coleman was eligible for benefits.

A hearing was held on June 11, 2011, in Abingdon, Virginia. In order to prove eligibility under the Act, Coleman had to show that he was totally disabled because of pneumoconiosis caused by his coal-mining employment. See 30 U.S.C. §§ 901, 921; 20 C.F.R. §§ 718.202–204, 725.202. Because more than one year had passed since the denial of his first claim, Coleman also had to establish that "one of the applicable conditions of entitlement . . . ha[d] changed since the date upon which the order denying the prior claim became final." 20 C.F.R. § 725.309(c). The Act provides an irrebuttable statutory presumption of total disability resulting from pneumoconiosis where the coal miner suffers from "a chronic dust disease of the lung." 30 U.S.C. § 921(c)(3); 20 C.F.R. § 718.304.

3

After reviewing the medical evidence at the hearing, the ALJ determined that complicated pneumoconiosis arising out of Coleman's coal mine employment was established pursuant to 20 C.F.R. §§ 718.304 and 718.203(b), and found that he was entitled to invocation of the irrebuttable statutory presumption of totally disabling pneumoconiosis under § 411(c)(3) of the Act, 30 U.S.C. § 921(c)(3). The ALJ therefore determined that Coleman was entitled to benefits under the Act.

Paramont appealed to the Board, which affirmed the ALJ's decision and order awarding benefits. Paramont timely appealed the Board's decision, and we have jurisdiction pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).

## II.

In reviewing a claim for benefits under the Act, our review of the Board's order is "limited." Harman Mining Co. v. Dir., OWCP, 678 F.3d 305, 310 (4th Cir. 2012). We review the decision "to assess whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [Board] and ALJ are rational and consistent with applicable law." Id. Because the ALJ is the trier of fact, we "defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions." Id. Thus, as long as substantial evidence supports the ALJ's findings, we "must sustain the ALJ's

4

decision, even if [we] disagree with it." Id. We review questions of law de novo. Id.

III.

On appeal, although Paramont purports to raise several issues, it basically contends that the ALJ erred in finding the existence of complicated pneumoconiosis established pursuant to 20 C.F.R. § 718.304 and, therefore, erred in finding that Coleman was entitled to the irrebuttable statutory presumption of totally disabling pneumoconiosis. Paramont specifically contends that the ALJ's analysis is legally flawed, and also raises a broad challenge to the ALJ's weighing of the conflicting evidence.

Section 411(c)(3) of the Act, as implemented by 20 C.F.R. § 718.304, provides an irrebuttable presumption of total disability due to pneumoconiosis if the miner suffers from

> a chronic dust disease of the lung which (A) when diagnosed by chest [x-ray], yields one or more large opacities (greater than one centimeter in diameter) . . ., (B) when diagnosed by biopsy or autopsy, yields massive lesions in the lung, or (C) when diagnosis is made by other means, would be a condition which could reasonably be expected to yield results described in clause (A) or (B) if diagnosis had been made in the manner prescribed in clause (A) or (B).

30 U.S.C. § 921(c)(3); 20 C.F.R. § 718.304. The introduction of legally sufficient evidence of complicated pneumoconiosis does

5

not, however, automatically qualify a claimant for the irrebuttable presumption. Rather, the evidence must establish that the claimant has a "chronic dust disease of the lung," commonly known as complicated pneumoconiosis. To make such a determination, the ALJ must examine all the evidence on the issue, i.e., evidence of simple and complicated pneumoconiosis, as well as evidence that pneumoconiosis is not present, resolve any conflict in the evidence, and make findings of fact. See E. Assoc. Coal Corp. v. Dir., OWCP, 220 F.3d 250, 256–59 (4th Cir. 2000).

Our review of the record discloses that the ALJ's decision is in accordance with the law and supported by substantial evidence. Pursuant to 20 C.F.R. § 718.304(a), the ALJ found that the newly submitted x-ray of September 16, 2009 was read by Dr. Michael S. Alexander ("Dr. Alexander") and Dr. Kathleen A. DePonte ("Dr. DePonte"), dually-qualified Board-certified radiologists and B readers, as positive for both simple pneumoconiosis and complicated pneumoconiosis, Category A. The ALJ noted that the x-ray was read as negative for pneumoconiosis by Dr. Jerome F. Wiot ("Dr. Wiot"), an equally-qualified radiologist. However, the ALJ found that while Dr. William W. Scott ("Dr. Scott"), an equally-qualified radiologist, read the same x-ray as negative for both simple pneumoconiosis and

6

complicated pneumoconiosis, he advised that a follow-up review of the enlarging mass in the upper-right lung be conducted.

Regarding another submitted x-ray of December 7, 2009, the ALJ found that Dr. DePonte read the x-ray as positive for both simple pneumoconiosis and complicated pneumoconiosis, Category A, while Dr. Wiot read the x-ray as negative. The ALJ further concluded that Drs. Alexander and DePonte attributed the complicated pneumoconiosis to coal mine employment and that there was no credible medical evidence of record indicating that "the large masses in [Coleman's] lungs are due to a process other than pneumoconiosis." (J.A. 273); see also 20 C.F.R. § 718.304(a). Consequently, the ALJ found that the existence of complicated pneumoconiosis was established pursuant to § 718.304 overall.

The ALJ also weighed the new evidence with the evidence from Coleman's prior 1999 claim, including x-rays and a medical opinion. After crediting the more recent evidence, the ALJ determined that the existence of complicated pneumoconiosis was established pursuant to § 718.304 overall. The ALJ concluded, therefore, that Coleman was entitled to invocation of the § 411(c)(3) irrebuttable presumption of totally disabling pneumoconiosis.

Paramont contends that the ALJ erred in finding that the x-ray evidence established complicated pneumoconiosis on the basis

7

of the Category A classifications of Dr. Alexander and Dr. DePonte, without considering the fact that other x-ray readings did not identify Category A opacities. Additionally, Paramont contends that the ALJ erred in rejecting evidence that showed that the large mass seen on the x-ray evidence was not due to complicated pneumoconiosis, but was due to another disease process.

Contrary to Paramont's arguments, however, the ALJ properly found complicated pneumoconiosis pursuant to § 718.304(a), based on the x-ray readings of Drs. Alexander and DePonte, who classified the opacities seen as Category A. The ALJ permissibly found that the other x-ray readings,[3] which either did not diagnose a large opacity, identify the size of the opacities seen, or address the existence of the large opacity observed by Drs. Alexander and DePonte, were insufficient to overcome the Category A classifications of Drs. Alexander and DePonte. See E. Assoc. Coal Corp., 220 F.3d at 256; Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 756 (4th Cir. 1999).

---

[3] These readings consisted of the readings of the September 16, 2009 and December 7, 2009 x-rays and the readings of other x-rays that were deemed to be of less than optimal quality; that identified nodules but did not refer to their size or cause; that identified a large mass that might be Category A; and that were classified for pneumoconiosis as either 0/1 or 1/1.

Moreover, the ALJ properly found that the evidence established that the large masses seen on the x-rays were due to complicated pneumoconiosis and not another disease process. Specifically, the ALJ permissibly rejected the opinions of Dr. James R. Castle ("Dr. Castle") and Dr. Gregory J. Fino ("Dr. Fino"), who suggested a possible link between the large opacity seen on x-ray and sarcoidosis or healed granulomatous disease, as equivocal.[4] The ALJ, therefore, found that the opinions of Drs. Castle and Fino were insufficient to establish that the large opacities were not due to coal mine employment and, as to the "possible" cause of the large opacity, were not credible as they were unsupported by any evidence in the record. (J.A. 274.) In contrast, the ALJ properly credited the findings of Drs. Alexander and DePonte, attributing Coleman's Category A opacity to coal mine employment, as the ALJ found that their findings were supported by the evidence in the record. The ALJ thus properly found that Coleman had established the existence of complicated pneumoconiosis arising out of coal mine

---

[4] Dr. Castle opined that laboratory testing conducted on Coleman, while negative for histoplasmosis, "suggested" possible sarcoidosis and the few non-specific nodules seen on Coleman's x-rays were "most likely" due to an infectious disease that had healed. (J.A. 274.) Dr. Fino opined that Coleman's x-rays did not show complicated pneumoconiosis and that the Category A opacities seen by other physicians "could" be due to sarcoidosis. (J.A. 274.)

employment pursuant to 20 C.F.R. § 718.304, and accordingly, was entitled to invocation of the § 411(c)(3) irrebuttable presumption of totally disabling pneumoconiosis.

Ultimately, we conclude that the record compels us to uphold the award of black lung benefits in this case. Although Paramont repeatedly contends that the ALJ's reliance on the opinions of Drs. Alexander and DePonte, over those of Drs. Castle and Fino, constitutes reversible error, the record here contains conflicting medical opinions as to whether Coleman suffers from complicated pneumoconiosis. The ALJ's role, as fact-finder, was to resolve such conflicts. See Harman, 678 F.3d at 316. This is precisely what the ALJ did, as she conscientiously—and repeatedly—weighed the expert opinions and resolved the conflicts in favor of Coleman. Even if we might have weighed the evidence at issue differently than the ALJ, on review, we defer to her evaluation of the appropriate weight to accord these conflicting medical opinions.

IV.

Accordingly, we deny Paramont's petition for review and affirm the decision of the Board to uphold the ALJ's decision and order awarding benefits. We dispense with oral argument because the facts and legal contentions are adequately presented

10

in the materials before this Court and argument would not aid the decisional process.

PETITION DENIED